UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL DENNIS,

                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    06-CV-6440L

                        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,


                                        Defendant.

_____


## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security ("the Commissioner") that Michael Dennis ("plaintiff") is

not disabled and, therefore, is not entitled to Supplemental Security Income ("SSI") benefits under

Title XVI of the Social Security Act ("the Act").

The Commissioner concedes error and moves to remand the case for further administrative

proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Dkt. #8). The Commissioner's

motion is granted.

**DISCUSSION**

The Commissioner concedes that the ALJ committed certain legal errors when evaluating whether plaintiff was disabled under the five-step disability evaluation.[1]   At step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work. (T. 20).   At step five, the ALJ applied Rule 202.20 of the Medical-Vocational Guidelines, 20 C.F.R. Subpt. P, App. 2, to direct a conclusion that plaintiff was not disabled.  (T. 46).

The Commissioner acknowledges that the ALJ failed to consider the opinions of Dr. George Sirontenko, a consultative osteopath, and Dr. Steven Ess, plaintiff's treating chiropractor, that plaintiff's impairments require that he be allowed to alternate between sitting, standing and walking throughout the work day. (T. 152, 191, 202).  The need to alternate positions frequently may be inconsistent with the ALJ's finding that plaintiff retained the RFC to perform the full range of light work. *See* Social Security Ruling 83-12, 1983 WL 31253, at *4 (S.S.A.1983) (where an individual

---

[1] The Second Circuit in *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999) described the five-step process as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

must alternate periods of sitting and standing he is "not functionally capable of doing . . . the prolonged standing or walking contemplated for most light work"); *cf. Gravel v. Barnhart*, 360 F.Supp.2d 442, 449 (N.D.N.Y. 2005).  Therefore, a remand is necessary.

"'Where there are gaps in the administrative record or the ALJ has applied an improper legal standard,'" a remand to the Commissioner for further development of the evidence and proper application of the correct legal standards is required.  *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980)); *see also Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).  This is not a case "[w]here the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose." *Martinez v. Comm'r*, 262 F.Supp.2d 40, 49 (W.D.N.Y.2003); *see also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

On remand, the ALJ should reevaluate the opinions of record, clarify plaintiff's RFC, including the need to change positions frequently, and obtain the testimony of a vocational expert regarding the extent that the light and/or sedentary occupational base is eroded. *See Tatis v. Barnhart*, No. 05-Civ. 2067, 2006 WL 2109510 *2 (S.D.N.Y. July 25, 2006) ("where a person's inability to sit or stand for extended periods limits his ability to do a full range of work, a vocational expert should be consulted to identify possible jobs available to a person with the claimant's specific limitations.")

In addition, plaintiff sent the Court copies of new medical records, including x-ray reports for plaintiff's cervical and lumbar spines taken in September 2006 and other chiropractic records. (*See* Pl. letter dated November 3, 2006, with attachments).  The records relate to plaintiff's back impairment and could constitute new evidence that is material to the Commissioner's determination

of disability.  *See Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004).  Therefore, the Commissioner

should consider these records carefully on remand.[2]

**CONCLUSION**

The Commissioner's motion (Dkt. #8) is granted, and the case is remanded  pursuant to the

fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this

Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 1, 2007.

---

[2]  These records were not part of the administrative transcript filed by the Commissioner
with his answer.  To ensure that they are made part of the administrative record on remand, the
Court is sending a copy to the Commissioner by delivering them to the Commissioner's attorney,
Assistant United States Attorney Christopher V. Taffe.